Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

**19SL-CC01507**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| Monica Webb, Jennifer Jeffries, and Terrikah Cook, <br> *Plaintiffs*, <br> -v- <br> Aesthetic Physicians, P.C. d/b/a "Sono Bello," <br> and <br> Body Contour Centers, LLC d/b/a "Sono Bello," <br> *Defendants*. | Case No. _____ |

---

## PETITION

On behalf of themselves, and as putative class representatives, Plaintiffs plead the following original claims under the Missouri Merchandising Practices Act (Mo. Rev. Stat. Chapter 407).

### Summary and Nature of the Action

1.  Defendants, doing business as "Sono Bello," have sold more than 135,000 surgical procedures and currently sell 10% of all liposuction surgery purchased in the United States.

2.  Defendants' marketing of Sono Bello's liposuction surgery is deceptive and violates the Missouri Merchandising Practice Act in that: (i) Defendants falsely represent that the surgery is performed using "FDA approved" laser liposuction systems; (ii) Defendants falsely represent that Sono Bello's liposuction systems have passed the most stringent level of FDA scientific

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

review; and (iii) Defendants create the false pretenses that the FDA has reviewed evidence derived from clinical trials of Sono Bello's liposuction systems (including device failures, patient complaints, complications, and adverse reactions) and that the FDA has determined that this evidence is sufficient to assure the public that Sono Bello's liposuction systems are safe and effective for laser assisted liposuction. As a result of this deceptive marketing, numerous persons have purchased elective liposuction surgery from Sono Bello that was not as advertised, that involved concealed risks, and that would not have been purchased if Defendants had truthfully disclosed that Sono Bello's liposuction systems are not FDA approved.

3.  For themselves and for certain other consumers who have purchased Sono Bello liposuction surgery, Plaintiffs seek an injunction, damages equivalent to a refund of all charges paid, punitive damages, and a statutory award of attorneys' fees.

### Parties

4.  Defendant Aesthetic Physicians, P.C. ("Aesthetic Physicians") is an Arizona professional corporation.

5.  Defendant Body Contour Centers, LLC ("Body Contour Centers") is a Delaware limited liability company.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

6.  Plaintiffs Monica Webb, Jennifer Jeffries, and Terrikah Cook are Missouri residents who purchased laser assisted liposuction surgery marketed and sold by Defendants doing business jointly under the trade name "Sono Bello."

### FDA-Related Background Facts

7.  Since May 28, 1976, the U.S. Food and Drug Administration (the "FDA") has regulated all new medical devices distributed in the United States. To be distributed lawfully, a non-exempt medical device must qualify for distribution under either of the FDA's two distinct regulatory processes: (i) "Premarket Approval" pursuant to 21 CFR 814; or "Premarket Notification" pursuant to 21 CFR 807 Subpart E.

8.  Premarket Approval (21 CFR 814) is a stringent review process that requires a premarket approval application, successful clinical trials conducted on human subjects, scientific data analysis (including analysis of device failures, patient complaints, complications, and adverse reactions), and inspections by the FDA's Office of Compliance. Sufficient valid scientific evidence must be submitted to assure that the medical device is safe and effective for its intended use. If the manufacturer or sponsor receives a letter from the FDA stating that its premarket approval application has been approved, it is thereafter lawful to promote the device as "FDA-approved."

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

9.  Premarket Notification (21 CFR 807 Subpart E) requires the filing of a 510(k) notification of intent to market a medical device at least 90 days in advance. Clinical trials, FDA inspections, scientific data analysis, and FDA review of scientific evidence are not required. A favorable 501(k) decision, which typically occurs in less than 90 days, clears the manufacturer or sponsor of a medical device to market the device subject to the FDA's prohibitions against misbranding, including a specific prohibition against making any representation that implies official approval of the device.

## Laser Assisted Liposuction Background Facts

10.   The liposuction surgery at issue in this action is performed using a workstation that includes a high-intensity laser, a laser fiber, and a cannula (a "laser liposuction system"). The surgery is properly known by various names, including laser assisted lipolysis, laser assisted liposuction, and laser assisted tumescent liposuction.

11.   In 1991, Heraeus Lasersonics sponsored a clinical trial of laser liposuction under an FDA-approved protocol. The clinical trial was intended to support a premarket approval application. The benefit of the laser was not significantly demonstrated by the clinical trial, and FDA approval was not obtained.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

12.     On or about August 6, 2006, Cynosure, Inc. submitted a 510(k) premarket notification for an Nd:YAG laser. Less than three months later, on October 31, 2006, the FDA cleared Cynosure to market the Nd:YAG laser for laser lipolysis, subject to the FDA's prohibitions against misbranding (e.g., implying FDA approval).

13.     Between 2007 and the present, several companies have obtained FDA clearances to market devices for laser assisted lipolysis, resulting in the marketing of laser liposuction systems under various trade names, including SmartLipo, CoolLipo, ProLipo, LipoLite, Lipotheme, SlimLipo, SmoothLipo, SmartLipo MPX, SmartLipo Triplex, TriSculpt, and TriSculpt E/X.

14.     No laser liposuction system has ever successfully completed the FDA's Premarket Approval process (21 CFR 814).

15.     There is no laser liposuction system that can be lawfully marketed in the United States as "FDA approved."

### The Sono Bello Joint Venture

16.     On February 25, 2012, Aesthetic Physicians, P.C. and Body Contour Centers, LLC (collectively, "Sono Bello" or "Defendants") formed a joint venture for the purpose of marketing and selling cosmetic and plastic surgery,

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

including liposuction, using the registered service mark SONO BELLO.[1] The joint venture operates pursuant to a "Services Agreement" with a 10-year term.

17.    Sono Bello markets and sells laser assisted liposuction at outpatient medical facilities in various states, including a facility located at 845 N. New Ballas Court, Suite 360, Creve Coeur, Missouri ("Sono Bello St. Louis"), and including a facility located at 10787 Nall Ave, Building 3, Suite 210, Overland Park, Kansas ("Sono Bello Kansas City").

18.    At all times material to this action, Sono Bello has published a website accessible at *www.sonobello.com* (the "Sono Bello website").

19.    Sono Bello has used the Sono Bell website to market and sell laser assisted liposuction to Missouri residents since at least March 1, 2012, when Sono Bello began promoting a "Fly In" program whereby Sono Bello offered to sell laser assisted liposuction to Missouri residents at various locations "within a short flight" of Missouri.

20.    Sono Bello has used Sono Bello Kansas City to market laser assisted liposuction to Missouri residents since at least February 24, 2013.

---

[1] All further mentions of *Sono Bello* refer to Defendants acting collectively as the joint venture known as "Sono Bello."

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

21.   Sono Bello has used Sono Bello St. Louis to market laser assisted liposuction to Missouri residents since at least February 4, 2013 and to sell laser assisted liposuction in Missouri since at least December 24, 2013.

22.   Sono Bello markets and sells laser assisted liposuction using the registered service marks TRISCULPT and TriSculpt E/X and using various marketing terms including "laser liposuction" and "body contouring."

23.   Sono Bello previously marketed and sold laser assisted liposuction using the trade names LipoLite and SmartLipo.

24.   All laser liposuction surgery marketed or sold by Sono Bello has been performed using a laser liposuction system (or workstation) that was not FDA-approved for laser liposuction or any other medical use.

**Defendants' Acts Declared Unlawful by Mo. Rev. Stat. § 407.020**

25.   As shown more fully below: (i) Defendants have engaged in a consistent pattern of deception and falsity in the marketing and sale of laser assisted liposuction; (ii) Defendants are presently violating Mo. Rev. Stat. §. 407.020; and (iii) each Defendant was violating Mo. Rev. Stat. § 407.020 at any point and at all points since at least March 1, 2012.

*Deceptive / False Medical Consent Forms*

26.   Beginning on or before February 14, 2014 and continuing until at least September 20, 2017, all of Sono Bello's liposuction customers have been

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

requested to read, and have been required to date and sign, standardized medical consent paperwork that contains the representations made in **Exhibit A**, including the representation that the laser assisted liposuction offered for sale by Sono Bello is performed using an "FDA-approved" laser liposuction system. The contents of Exhibit A are adopted into this pleading by reference.

27.    [On information and belief:] Since at least March 1, 2012, all of Sono Bello's liposuction customers have been requested to read, and have been required to date and sign, paperwork containing representations substantially similar to the representations made in Exhibit A, including the representation that the laser assisted liposuction offered for sale by Sono Bello is performed using an "FDA-approved" laser liposuction system.

### *Deceptive / False Company Website*

28.    Beginning as early as October 20, 2009, and continuing until at least October 5, 2011, Sono Bello used the Sono Bello website, and the URL http://sonobello.com/procedures/laser-liposuction/, to disseminate to the general public the information attached as **Exhibit B**, including representations that: (i) LipoLite™ is an FDA-approved micro-laser liposuction system; (ii) SmartLipo™ is an FDA-approved micro-laser liposuction system; and (iii) SmartLipo™ technology obtained FDA approval in 2006. The contents of Exhibit B are adopted into this pleading by reference.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

*Deceptive / False Internet Advertising*

29.    As recently as March 27, 2017, Sono Bello used the website www.laserlipoguide.com to represent to the general public the information attached as **Exhibit C,** including representations that: (i) all liposuction systems used by Sono Bello are FDA approved; and (ii) TriSculpt™, LipoLite™, and SmartLipo™ are FDA-approved liposuction systems. The contents of Exhibit C are adopted into this pleading by reference.

*Violations*

30.    As alleged in the preceding five paragraphs, Defendants have engaged in a practice of falsely representing that the liposuction surgery sold by Sono Bello is performed using FDA-approved laser liposuction systems.

(i) This practice has the tendency and capacity to mislead and deceive consumers concerning whether the FDA has determined the safety and effectiveness of Sono Bello's liposuction systems under the FDA's Premarket Approval process and whether Sono Bello's liposuction systems have passed the most stringent level of FDA scientific review; this practice tends to create a false impression that these things have occurred; and as such, this practice is an act, use, and employment by Defendants of deception in violation of Mo. Rev. Stat. § 407.020 and 15 CSR 60-9.020.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

(ii) This practice involves falsehood, deception, breach of legal and equitable duty arising under 21 CFR 807.97, it was injurious to Plaintiffs and the proposed class members, and as such it is fraud in violation of Mo. Rev. Stat. § 407.02015 CSR 60-9.040.

(iii) Defendants' representation that the liposuction surgery sold by Sono Bello is performed using FDA approved laser liposuction systems is an untrue statement of material fact in connection with the advertisement of Sono Bello's liposuction surgery, and as such it was and is misrepresentation in violation of Mo. Rev. Stat. § 407.020 and 15 CSR 60-9.080.

(iv) Defendants' representation that the liposuction surgery sold by Sono Bello is performed using FDA approved laser liposuction systems is an assertion by Defendants, in connection with the advertisement of liposuction surgery, that Defendants intend to induce consumers to purchase liposuction surgery, Defendants have always known that the assertion is not in accord with the facts, and as such, the representation is and was misrepresentation in violation of Mo. Rev. Stat. § 407.020 and 15 CSR 60-9.100

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

### Ascertainable Loss

31.     Sono Bello's conduct, as described above, tricked and misled consumers, including Plaintiffs, to wrongly believe that Sono Bello's surgeons use FDA-approved laser liposuction systems.

32.     Sono Bello's conduct, as described above, tricked and misled consumers, including Plaintiffs, to wrongly believe that Sono Bello's laser liposuction systems have successfully completed FDA-reviewed clinical trials studying safety, effectiveness, device failures, complications, and adverse reactions.

33.     Sono Bello's conduct, as described above, tricked and misled consumers, including Plaintiffs, to wrongly believe that Sono Bello's laser liposuction systems have successfully completed the FDA's Premarket Approval process pursuant to 21 CFR 814 and have obtained official FDA approval for the intended use of laser assisted liposuction.

34.     The truth of the matters set forth in the three preceding paragraphs have been misrepresented to consumers (including Plaintiffs and the proposed class members) as a result of the use and employment by Defendants of the unlawful methods, acts, and practices set forth in this pleading, and all consumers who have purchased liposuction from Sono Bello have suffered benefit-of-the-bargain damages as a result.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

35.    The surgery that Plaintiffs and the proposed class members purchased was worth less than the surgery they thought they had purchased had Sono Bello's representations been true.

36.    Sono Bello's laser assisted liposuction surgery is essentially worthless.

**Statute of Limitations Issues as to Certain Class Members**

37.    Because Sono Bello sells liposuction surgery to consumers within a physician-patient relationship, it is reasonable for consumers to rely on information contained in medical consent forms to determine the truth concerning the surgery they are purchasing from Sono Bello.

38.    It would be unreasonable to require a consumer, in addition to consulting with a physician during the medical consent process, to make an independent investigation to ascertain whether the physician or a medical consent form presented by the physician misrepresents the liposuction surgery sold by Sono Bello.

39.    As set forth above, Sono Bello has disseminated false information about the liposuction surgery that it sells, such that a consumer who attempts to make an investigation to ascertain whether a physician has misrepresented the surgery will be tricked and misled.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

40.    For the purposes of Mo. Rev. Stat. § 516.280, Defendants' unlawful acts, as alleged throughout this pleading, are improper acts that have prevented the commencement of this action by preventing consumers from ascertaining the benefit-of-the-bargain damages alleged in this pleading

41.    Consumers do not know and are not capable of discovering the truth of the matters set forth in this pleading.

42.    A consumer cannot reasonably ascertain the true value of the liposuction surgery sold by Sono Bello.

43.    Defendants' conduct, as described above, has prevented consumers from making independent inquiry about the clinical testing, safety, effectiveness, device failures, complications, and adverse reactions associated with the laser liposuction systems used by Sono Bello.

**Class Action Allegations**

44.    Pursuant to Mo. Rev. Stat. § 417.025.2, Plaintiffs institute this action as representatives of a class of persons (the "proposed class") consisting of: (i) all persons who have purchased laser assisted liposuction at Sono Bello St. Louis; and (ii) all Missouri residents who have purchased laser assisted liposuction at any other Sono Bello facility at any time on after March 1, 2012.

45.    Excluded from the proposed class are: Defendants, including any parent, subsidiary, affiliate, or controlled person of a Defendant; Defendants'

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

officers, directors, agents, and employees; the judicial officers assigned to this litigation; and members of their staffs and immediate families. Also excluded from the proposed class are those claiming they have suffered a personal injury as a result of undergoing laser assisted liposuction sold by Sono Bello.

46.    Plaintiffs specifically exclude from the proposed class action all damages, losses, and other relief arising from personal injuries caused by laser assisted liposuction sold by Sono Bello. The class action seeks only economic and injunctive relief to which class members are entitled under the MMPA.

47.    The proposed class is so numerous that joinder of all members is impracticable in that [on information and belief] more than 1,000 persons have purchased laser assisted liposuction from Sono Bello St. Louis.

48.    There are questions of law and fact common to the proposed class, including without limitation:

A.  Whether Defendants violated the MMPA by expressly representing to its customers that they were being offered surgery performed with an FDA approved laser liposuction system;

B.  Whether Defendants violated the MMPA by using the Internet to disseminate the representation that LipoLite is an FDA-approved micro-laser liposuction system;

Electronically Filed - St. Louis County - April 10, 2019 - 04:49 PM

C.  Whether Defendants violated the MMPA by using the Internet to disseminate the representation that SmartLipo is an FDA-approved liposuction system;

D.  Whether Defendants violated the MMPA by using the Internet to disseminate the representation SmartLipo technology obtained FDA approval in 2006; and

E.  Whether Defendants violated the MMPA by using the Internet to disseminate the representation that TriSculpt is an FDA-approved liposuction system.

49.    The questions of law and fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy in that:

A.  The members of the proposed class have no substantial interest in individually controlling the prosecution of separate actions;

B.  There is no known litigation concerning the controversy already commenced by members of the proposed class against Defendants;

C.  It is desirable to concentrate the litigation of the claims in the Circuit Court of St. Louis County because Defendants' sales location in Missouri is

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

located in St. Louis County and each Plaintiff purchased laser assisted liposuction from Defendants at that location; and

    D.   This class action will not be difficult to manage in that the proposed class members can be identified and notified, including as to the value of a refund, from existing records maintained by Sono Bello.

50.   The claims of the Plaintiffs are typical of the claims of the proposed class in that each of them suffered the same injury (purchasing laser assisted liposuction that was not as represented) as a result of the same unlawful conduct of Defendants, which conduct was part of a general campaign to market and sell laser assisted liposuction in Missouri and to Missouri consumers that was identical as to each potential customer and that was not in any way individualized.

51.   The Plaintiffs will fairly and adequately protect the interests of the proposed class in that the interests of the Plaintiffs do not conflict with the interests of the members of the proposed class, and the same acts and practices of Defendants have caused similar injuries to the Plaintiffs and to the members of the proposed class.

52.   The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and varying adjudications with respect to individual members of the proposed class which would

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

establish incompatible standards of conduct for Defendants, which markets

laser assisted liposuction to the general public.

53.    Defendants have acted in their marketing and sales of laser assisted

liposuction on grounds generally applicable to the proposed class, thereby

making appropriate the same final injunctive relief with respect to the

proposed class as a whole.

### Claim 1 – Class Action

54.    Plaintiffs, as representatives of the proposed class, adopt all

preceding parts of this pleading and institute the following claim as a class

action under the MMPA.

55.    The acts, uses, and employments by Defendants, as described more

fully above, constitute deception, fraud, misrepresentation, and the

concealment, suppression, and omission of material fact in connection with

the sale and advertisement of laser assisted liposuction in trade and

commerce in the state of Missouri, all in violation of Mo. Rev. Stat. § 407.020.

56.    As a result of Defendants' violations of Mo. Rev. Stat. § 407.020: (i)

each person who has purchased laser assisted liposuction surgery at Sono

Bello St. Louis has suffered an ascertainable loss equivalent to a refund of the

purchase price; and (ii) each Missouri resident who has purchased laser

assisted liposuction surgery at any other Sono Bello facility at any time on

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

after March 1, 2012 has suffered an ascertainable loss equivalent to a refund of the purchase price.

57.    Each member of the proposed class purchased liposuction surgery for personal purposes.

58.    Defendants' conduct in violation of Mo. Rev. Stat. § 407.020 has been wanton, willful, and outrageous; Defendants have recklessly disregard the consequences of such conduct; and Defendants have recklessly disregarded the rights and interests of the members of the proposed class, including each Plaintiff.

### Claim 2 – Monica Webb

Plaintiff Monica Webb adopts by reference: (i) the statements in Claim 1 of this pleading, including all material adopted by reference into Claim 1; and (ii) the content of **Exhibit D** to this pleading.

59.    On or about September 16, 2016, Sono Bello falsely represented to Webb that the laser assisted liposuction surgery offered for sale by Sono Bello is performed using an "FDA-approved" laser liposuction system.

60.    On or about September 20, 2016, Webb purchased the falsely-represented surgery from Sono Bello at a purchase price of $7,037.89.

61.    Webb purchased the falsely-represented surgery primarily for personal purposes.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

62.    Webb has suffered an ascertainable loss of $7,037.89 as a result of the use and employment by Sono Bello of the unlawful methods, acts, and practices described in this Claim.

### Claim 3 – Jennifer Jeffries

Plaintiff Jennifer Jeffries adopts by reference: (i) the statements in Claim 1 of this pleading, including all material adopted by reference into Claim 1; and (ii) the content of **Exhibit E** to this pleading.

63.    On or about April 29, 2015, Sono Bello falsely represented to Jeffries that the laser assisted liposuction surgery offered for sale by Sono Bello is performed using an "FDA-approved" laser liposuction system.

64.    On or about April 30, 2015, Jeffries purchased the falsely-represented surgery from Sono Bello at a purchase price of $6,380.

65.    Jeffries purchased the falsely-represented surgery primarily for personal purposes.

66.    Jeffries has suffered an ascertainable loss of $6,380 as a result of the use and employment by Sono Bello of the unlawful methods, acts, and practices described in this Claim.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

**Claim 4 – Terrikah Cook**

Plaintiff Terrikah Cook adopts by reference: (i) the statements in Claim 1 of this pleading, including all material adopted by reference into Claim 1; and (ii) the content of **Exhibit F** to this pleading.

67.    On or about April 7, 2015, Sono Bello falsely represented to Cook that the laser assisted liposuction surgery offered for sale by Sono Bello is performed using an "FDA-approved" laser liposuction system.

68.    On or about April 14, 2015, Cook purchased the falsely-represented surgery from Sono Bello at a purchase price of $12,775.

69.    Cook purchased the falsely-represented surgery primarily for personal purposes.

70.    Cook has suffered an ascertainable loss of $12,775 as a result of the use and employment by Sono Bello of the unlawful methods, acts, and practices described in this Claim.

**Request for Judgment and Relief**

Plaintiffs demand judgment against Defendants, and Plaintiffs request the following relief.

- An injunction prohibiting Defendants from engaging in the conduct alleged in this pleading that violates Mo. Rev. Stat. § 407.020.

- Certification of the proposed class.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

- For each member of the proposed class: (i) an award of actual damages equivalent to a refund of the purchase price paid to Sono Bello; (ii) an award of punitive damages in an amount equal to nine times the award of actual damages; (iii) a statutory award of attorneys' fees pursuant to Mo. Rev. Stat. § 407.025; and (iv) such additional equitable relief as the Court deems just.

- For Plaintiff Monica Webb: (i) an award of damages in the amount of $7,037.89; (ii) an award of punitive damages in the amount of $63,341.01; (iii) a statutory award of attorneys' fees pursuant to Mo. Rev. Stat. § 407.025; (iv) a class representative incentive award; and (v) such additional equitable relief as the Court deems just.

- For Plaintiff Jennifer Jeffries: (i) an award of actual damages in the amount of $6,380; (ii) an award of punitive damages in the amount of $57,420; (iii) a statutory award of attorneys' fees pursuant to Mo. Rev. Stat. § 407.025; (iv) a class representative incentive award; and (v) such additional equitable relief as the Court deems just.

- For Plaintiff Terrikah Cook: (i) an award of actual damages in the amount of $12,775; (ii) an award of punitive damages in the amount of $114,975; (iii) a statutory award of attorneys' fees pursuant to Mo. Rev.

Electronically Filed - St Louis County - April 10, 2019 - 04:49 PM

Stat. § 407.025; (iv) a class representative incentive award; and (v) such

additional equitable relief as the Court deems just.

Undersigned counsel verifies that he signed the original of this pleading.

Respectfully Submitted By:

/s/ David G. Brown

David G. Brown Mo. Bar #42559
Brown Law Office
501 Fay St, Ste 201
Columbia, MO 65201
(573) 814-2375
dbrown@brown-lawoffice.com