UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Monica Webb, et al.,
       *Plaintiffs*,
       -v-
Aesthetic Physicians, P.C., et al.,
       *Defendants*.

Case No. 4:19-cv-02712-DDN

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

**Procedural Posture**

As explained below, no party requests that the Court rule defendants' pending motion to dismiss (the "present motion"; Doc 24) in that: defendants expressly request leave to withdraw the motion (Doc 36); and plaintiffs contend (and defendants appear tacitly to agree) that unless the present motion is withdrawn in a manner that erases it from the record, the Court must expeditiously remand without reaching the merits of the motion. Either way, the Court cannot reach the merits of the present motion: it will either grant defendants leave to withdraw the motion, or it will remand without reaching the motion.[1]

Out of an abundance of caution, plaintiffs also make the following minimal response:

---

[1] In the event the Court denies plaintiffs' motion for remand and grants defendants leave to file the motion to dismiss that has been attached as an exhibit to defendants' motion for leave to withdraw (*see* Doc 36), then plaintiffs will respond to that new motion to dismiss based upon the date the Court grants leave for that motion to be filed.

1

(i) Plaintiffs have pleaded an ascertainable loss under the benefit of the bargain rule in the manner required by Missouri state courts that have examined this element of the Missouri Merchandising Practice Act, including: *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 313 (Mo. Ct. App. 2016) ("because Murphy alleged the mix was worth less than the product as represented, he stated an objectively ascertainable loss under the MMPA using the benefit-of-the-bargain rule"); *Plubell v. Merck & Co.*, 289 S.W.3d 707, 715 (Mo. Ct. App. 2009) ("because Plaintiffs alleged Vioxx was worth less than the product as represented, they stated an objectively ascertainable loss under the MMPA using the benefit-of-the-bargain rule"); *Schoenlein v. Routt Homes, Inc.*, 260 S.W.3d 852, 855 (Mo. Ct. App. 2008) (MMPA damages are ascertainable as "the difference between the actual value of the property and the value if it had been as represented"); *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 124 (Mo. Ct. App. 2009) (casino gamblers suffered ascertainable loss under the MMPA where a casino changed its awards club rules, causing "loss" of cash-back comps and awards club card status). *See also In re Shelton*, 481 B.R. 22, 31 (Bankr. W.D. Mo. 2012) (loss of home to foreclosure is ascertainable MMPA loss); *see also* Doc 18, ¶¶ 42, 42, 44, 45, & 46.

(ii) Plaintiffs have met the Rule 9(b) pleading requirement. *See* Doc 18, ¶¶ 27 & 28. *See also* Doc 18, Exhibits D, E, F, G, H, & I, which each (i) contain the actual representation at issue, as it was made; (ii) is signed and dated by a plaintiff, who

attests she read the representation; and (iii) is signed and dated by a Sono Bello physician, who attests he discussed the representation with the plaintiff. *See also* Claims 2-7 (Doc 18, pp. 16-21), which specifically allege: (i) the date of each representation (first paragraph of each claim); the place of each representation (second paragraph of each claim); the content of each representation (second paragraph of each claim); and the dollar amount obtained/given based on each representation (third paragraph of each claim).[2]

(iii) "Missouri has expressed its clear intent to ensure that Missouri consumers can adjudicate chapter 407 claims [MMPA claims] in Missouri courts." *Andra v. Left Gate Prop. Holding*, Inc., 453 S.W.3d 216, 234 (Mo. 2015). That includes plaintiffs Holloway and Butts, who are Missouri consumers (Doc 18, ¶ 6). Furthermore, because defendants have purposefully availed themselves of the benefits and protections of Missouri by operating Sono Bello St. Louis in Missouri (Doc 18, ¶ 18, 20, & 21), defendants should reasonably anticipate being haled into court in Missouri. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011); *see also* Doc 18, ¶¶ 19, 29, & 30. In addition, general jurisdiction is properly asserted over defendants, under

---

[2] If the Court determines that Claim 8 fails under Rule 9(b) because Kim Thompson alleges that Sono Bello made the representation in a standardized form presented to her at Sono Bello St. Louis on December 14, 2015 but fails to attach a copy of the form identifying the physician who discussed the form with her, then Ms. Thompson requests additional time to file a motion for leave to amend her pleading to state that Dr. Richard Shatz was that physician.

3

Missouri Law, because defendants are present and conducting substantial business in Missouri. *Viasystems*, at 595 (8th Cir. 2011), *citing State ex rel. K–Mart Corp. v. Holliger*, 986 S.W.2d 165, 167 (Mo. banc 1999); *see also* Doc 18, ¶¶ 18, 19, 20, 21, 29, & 30.

        Respectfully Submitted by:

        BROWN LAW OFFICE

        /s/ David G. Brown
        David G. Brown Mo. Bar #42559
        Brown Law Office
        501 Fay St, Ste 201
        Columbia, MO 65201
        (573) 814-2375
        dbrown@brown-lawoffice.com
        *Attorney for Plaintiffs*